UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS ALLEN SARR,

    Petitioner,

v.                                                                Case No. 07-13295

CAROL R. HOWES,                       HONORABLE AVERN COHN

    Respondent.

_____/

## **<u>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION</u>**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner, through counsel, claims he is incarcerated in violation of his constitutional rights. Before the Court is Respondent's motion to dismiss on the grounds that the petition is barred by the statute of limitations. For the reasons that follow, the motion will be granted.

II.

On June 25, 1999, Petitioner pled no contest to four counts of first-degree criminal sexual abuse. The charges involve Petitioner's sexual abuse of his two minor daughters. On August 13, 1999, Petitioner was sentenced to 11 to 35 years imprisonment. Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising the following issues:

    I.         The trial court's denial of Petitioner's motion to amend his August 13, 1999 motion to withdraw his guilty plea was erroneous where no written order had been entered denying the motion to withdraw plea.

II.  The trial court abused its discretion in denying Petitioner's pre-sentencing Motion to Withdraw his no contest plea because Petitioner's decision to plead guilty was involuntary, unknowing and unintelligent.

III. Where no written order had been entered denying Petitioner's motion to withdraw his plea, the trial court abused its discretion in refusing to address the merits of his supplemental arguments asserting actual innocent and ineffective assistance of counsel, which were included in his motion to amend the motion to withdraw his plea.

The Michigan Court of Appeals denied leave to appeal on June 1, 2001. People v. Sarr, No. 232553. Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

On July 17, 2001, Petitioner filed a motion for relief from judgment which was denied on August 17, 2001. Petitioner filed an application for leave to appeal, raising the following issues:

I.  The trial court abused its discretion in denying Petitioner's motion for relief from judgment where his guilty plea was involuntary, unknowing and unintelligent in violation of Petitioner's due process rights.

II. The trial court abused its discretion in denying Petitioner's motion for relief from judgment because Petitioner was actually innocent.

III. Ineffective assistance of counsel.

IV. The evidence introduced at the preliminary examination was insufficient to establish probable cause with regard to the counts involving Olivia Sarr, and was therefore insufficient to be used as a factual basis for Petitioner's guilty plea.

The Michigan Court of Appeals denied leave to appeal on November 26, 2001. People v. Sarr, No. 236250. The Michigan Supreme Court denied leave on May 29, 2002. People v. Sarr, No. 120534.

On July 15, 2002, Petitioner filed his first habeas petition. Sarr v. Kapture, No. 02-111 (W.D. Mich.), asserting the following claims:

> I. Petitioner's no-contest plea was the result of ineffective assistance of counsel and the prosecutor's conduct in concealing exculpatory evidence in violation of Petitioner's "pre-trial Brady rights."
>
> II. Petitioner's motion to withdraw his plea prior to sentencing was improperly denied.
>
> III. Petitioner was unlawfully arrested without a warrant or exigent circumstances, witnesses were falsely imprisoned, and gynecological exams were conducted without court orders.
>
> IV. Petitioner was improperly charged for medical treatment and childcare, which are not crimes.

On February 23, 2003, the district court dismissed the petition without prejudice on the grounds that Petitioner's Brady claim, which involved the discovery of new evidence, was not exhausted. The district court explained that because the substance of Brady claim had not been discovered until after his direct appeal or initial motion for relief from judgment, Petitioner could present the claim in state court in a second motion for relief from judgment. Petitioner filed a motion for reconsideration, arguing that he should not be required to present his Brady claim to the trial court because that court has already shown itself to be prejudiced against him. The district court denied the motion on April 3, 2003. Petitioner sought to appeal. On December 15, 2003, the Court of Appeals for the Sixth Circuit denied a certificate of appealability. The Supreme Court denied certiorari on May 17, 2004.

More than a year later, on June 2, 2005, Petitioner filed his second motion for relief from judgment, presenting the Brady claim. The prosecutor responded. On August 8, 2006, the trial court denied the motion. On September 18, 2006, the trial court denied reconsideration. Petitioner sought leave to appeal. The Michigan Court of Appeals denied leave to appeal on July 20, 2007.

On August 7, 2007, Petitioner filed the instant petition. Petitioner presents the Brady claim and a claim of actual innocence stemming from the Brady violation.

III.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. See 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

B.

Here, as noted above, the Michigan Court of Appeals affirmed his conviction on June 1, 2001. Petitioner had 56 days to file an application for leave to appeal with the Michigan Supreme Court; Petitioner did not do so. His conviction therefore became final on July 27, 2001. The time to file an appeal to the United States Supreme Court expired 90 days later, on October 25, 2001. However, on July 17, 2001, Petitioner filed

4

a motion for relief from judgment. This tolled the one year period. The statute continued to be tolled until May 30, 2002, after the Michigan Supreme Court denied leave to appeal.

On July 15, 2002, Petitioner filed his first habeas petition. Although federal habeas proceedings do not toll the statute, Duncan v. Walker, 533 U.S. 167, 181-82 (2001),[1] Petitioner may be entitled to equitable tolling. Equitable tolling applies to the one-year limitations period for habeas petitions. Dunlap v. United States, 250 F.3d 1001, 1003 (6th Cir. 2001). When deciding whether equitable tolling is appropriate, courts must consider and balance the factors set out in Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary." Dunlap, 250 F.3d at 1009. The Andrews factors are:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

Andrews, 851 F.2d at 151. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." Miller v. Collins, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).

Here, Respondent assumes for purposes of this motion that Petitioner is entitled to equitable tolling from July 15, 2002 until May 17, 2004, from the date of filing the

---

[1] "[T]he one-year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. § 2244(d)(2)"

petition to the date the Supreme Court denied certiorari. The Court agrees. By that time, about one and one half months had already run on the statute (from May 30, 2002 until July 15, 2002).

Petitioner, however, did not return to the state court to file a motion for relief from judgment until June 2, 2005, over a year later. By that time, the statute had expired. Thus, Petitioner's second motion for relief from judgment could not toll the statute of limitations because it had expired.

Moreover, an application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003). Thus, the statute did not restart at the time Petitioner filed his second motion for relief from judgment.

By the time Petitioner filed the instant petition, in 2007, the statute had long since expired.

Moreover, as Respondent notes, Petitioner's Brady claim is based on allegedly newly discovered evidence which was made known to Petitioner at least by 2002 - the date of his initial habeas petition. It is not a claim based on evidence recently obtained.

In response, Petitioner argues that any untimeliness should be excused because he "has a strong case for actual innocence which trumps the AEDPA and procedural considerations." Under the doctrine of equitable tolling, a court may excuse late-filed habeas claims in appropriate circumstances. Souter v. Jones, 395 F.3d 577, 588 (6th Cir.2005). One form of equitable tolling that the Court of Appeals for the Sixth Circuit has recognized is a claim of "actual innocence." See id. at 602.

In determining whether an applicant has met the requirements for establishing a

cognizable claim of actual innocence, a court applies the actual-innocence standard developed in Schlup v. Delo, 513 U.S. 298 (1995), for reviewing a federal habeas applicant's procedurally defaulted claim. Under Schlup, the petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327 ("[T]he standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."); see also Souter, 395 F.3d at 602. "[T]o be credible a gateway claim requires new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." House v. Bell, --- U.S. ----, 126 S.Ct. 2064, 2077 (2006) (internal quotation marks omitted). A court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." Id. (internal quotation marks omitted). It is an extraordinary remedy. See McCray v. Vasbinder, 499 F.3d 568 (6th Cir. 2007).

Petitioner's new evidence is in the form of records from the Family Independence Agency (FIA) which he says show Petitioner's former wife had a history of using their children to file false abuse charges against him. Because Petitioner pleaded guilty, the only available evidence regarding the circumstances of the offenses is the preliminary examination testimony of his daughters, both of whom testified that Petitioner sexually abused them. While the FIA records may cast doubt on Petitioner's guilt, they do not

prove that he is actually innocent in light of the record.  As such, this evidence does not satisfy the high threshold of showing actual innocence, i.e. that no reasonable juror would have convicted Petitioner.

III.  Conclusion

Giving Petitioner the maximum amount of tolling possible, the petition is untimely and Petitioner has not shown actual innocence to excuse the untimeliness.  Accordingly, Respondent's motion to dismiss is GRANTED.  The petition is DISMISSED.

SO ORDERED.


      s/Avern Cohn  
      AVERN COHN  
      UNITED STATES DISTRICT JUDGE

Dated:  May 14, 2008


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 14, 2008, by electronic and/or ordinary mail.

      s/Julie Owens  
      Case Manager, (313) 234-5160