UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS ALLEN SARR,

    Petitioner,

v.                                                Case No. 07-13295

CAROL R. HOWES,                    HONORABLE AVERN COHN

    Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner is a state prisoner serving a sentence of 11 to 35 years imprisonment after pleading no contest to four counts of first-degree criminal sexual abuse. The charges involved Petitioner's sexual abuse of his two minor daughters. Petitioner filed a petition for a writ of habeas corpus, presenting a Brady claim and a claim of actual innocence stemming from the Brady violation. Respondent filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations. The Court agreed and dismissed the petition as time barred and also found Petitioner was not entitled to equitable tolling based on a claim of actual innocence. See Order Granting Respondent's Motion to Dismiss and Dismissing Case, filed May 14, 2008. Petitioner seeks to appeal.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A COA

may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 898 n.4 (1983)).

The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a certificate of appealability must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail." <u>Id</u>. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See <u>Murphy v. State of Ohio</u>, 263 F.3d 466 (6th Cir. 2001) (per curiam). Where, as here, a petitioner files a notice of appeal, the Court must issue an order granting or denying a certificate of appealability. See <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

As explained in the May 14, 2008 order, the petition was clearly time-barred. Petitioner also failed to present new, reliable evidence which would raise sufficient doubt about his guilt so as to entitle him to equitable tolling of the statute. Reasonable jurists would not debate these conclusions or find that the petition should proceed further. Accordingly, a COA is DENIED.

SO ORDERED.

                                            s/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated: July 23, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Chris Allen Sarr, #291625, Michigan Reformatory, 1342 W. Main, Ionia, MI 48846 on this date, July 23, 2008, by electronic and/or ordinary mail.

                                            s/Julie Owens
                                            Case Manager, (313) 234-5160