UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHRIS ALLEN SARR,

       Petitioner,

                                 CASE NO. 07-13295
v.                                  HONORABLE AVERN COHN

CAROL R. HOWES,

       Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

I.

This is a habeas case under 28 U.S.C. § 2254.  Petitioner challenged his state conviction for four counts of criminal sexual conduct in the first degree.  The Court dismissed the petition as barred by the one-year statute of limitations.  See Order Granting Respondent's Motion to Dismiss and Dismissing Petition, filed May 14, 2008. The Court of Appeals for the Sixth Circuit dismissed Petitioner's subsequent appeal as untimely, see Sarr v. Howes, No. 08-2021 (6th Cir. Oct. 19, 2008) (unpublished), and the Supreme Court denied Petitioner's application for a writ of certiorari.  See Sarr v. Howes, __ U.S. __, 129 S. Ct. 1680 (2009) (Mar. 30, 2009).

Before the Court is Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) and (6).  For the reasons that follow, the motion will be denied.

II.

A.

Fed. R. Civ. P. 60(b)(1) and (6) authorize a federal court to relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." "A proper Rule 60(b) motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.' A movant that seeks relief under Rule 60(b) must show 'extraordinary circumstances justifying the reopening of a final judgment.'" Carter v. Anderson, 585 F.3d 1007, 1011 (6th Cir. 2009) (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 & 535 (2005)).

B.

Petitioner argues that the Court erred when it concluded that his conviction began final on July 27, 2001, or fifty-six days after the Michigan Court of Appeals affirmed his convictions. This argument lacks merit. As explained in the dismissal order, Petitioner did not file an appeal in the Michigan Supreme Court on direct review of his convictions. Therefore, his convictions became final when the deadline expired for seeking review in the Michigan Supreme Court. Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). The deadline for seeking review in the Michigan Supreme Court in criminal cases is fifty-six days after the court of appeals decision. Mich. Ct. R. 7.302(C)(2). The Michigan Court of Appeals affirmed Petitioner's convictions on June 1, 2001, and the deadline for filing an appeal in the Michigan Supreme Court was fifty-six days later on July 27, 2001. The Court therefore did not err when it concluded that Petitioner's conviction became final on July 27, 2001.

Petitioner argues next that he was entitled to equitable tolling of the statute of limitations from the Supreme Court's denial of his petition for a writ of certiorari on May 17, 2004, to the filing of his habeas petition on August 7, 2007.  This argument also fails.  There was no application for post-conviction or other collateral review pending in state court from May 18, 2004, to June 2, 2005.  Thus, Petitioner was not entitled to equitable tolling for that period of time, 28 U.S.C. § 2244(d)(2), and by the time he filed a post-conviction motion in the trial court on June 2, 2005, the statute had expired.

## C.

Petitioner also contends that the attorney who represented him in this habeas action was ineffective for failing to consult with his prior attorneys before filing the habeas petition.  Petitioner further says that his habeas attorney failed to keep him apprised of the documents filed in this case and that she omitted critical expert witness testimony regarding his former wife's thirteen-year history of falsely accusing him of sexual and physical abuse.  This argument also does not provide grounds for relief.

"[A] petitioner does not have a constitutional right to habeas counsel, much less a right to effective habeas counsel." Post v. Bradshaw, 422 F.3d 419, 423 n.1 (6th Cir. 2005.)  Consequently, Petitioner has no right to relief from the Court's judgment on the basis of his allegations about his habeas attorney.  Id. at 423-24; 28 U.S.C. § 2254(i). Furthermore, the additional evidence that Petitioner seeks to submit in support of his claim that his wife fabricated the accusations against him does not prove he is actually innocent of the crimes for which he was convicted.

## D.

Petitioner further argues that his trial attorney was ineffective for advising him to

3

plead guilty and for suppressing and misrepresenting evidence.  This is a new claim, and a Rule 60(b) motion that seeks to present new claims should be treated like a habeas corpus application.  Gonzalez, 545 U.S. at 530-33.  The Court is not authorized to adjudicate a second or successive habeas petition without prior authorization from the Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).  Because Petitioner has not shown that he sought and obtained permission from the Court of Appeals for an order authorizing this Court to consider his new claim, the Court declines to address the substantive merits of the claim.

III.

For the reasons stated above, Petitioner has failed to show a defect in the habeas proceeding, and no extraordinary circumstance justifies re-opening the judgment.  Accordingly, the motion for relief from judgment is DENIED.

SO ORDERED.


 s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  January 11, 2010


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 11, 2010, by electronic and/or ordinary mail.


 s/ Julie Owens
Case Manager, (313) 234-5160